[Cite as *State v. Esparza*, 2019-Ohio-2661.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-17-1169

      Appellee                                   Trial Court No. CR0198306603

v.

Gregory Esparza                                   **DECISION AND JUDGMENT**

      Appellant                                  Decided:  June 28, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Steven C. Newman, Federal Public Defender, Alan C. Rossman,
Assistant Federal Public Defender, Lori B. Riga and Spiros P.
Cocoves, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on appeal of the June 12, 2017 judgment of

the Lucas County Court of Common Pleas dismissing appellant's motion to rule on

portions of his successive petition for postconviction relief. Because we conclude that review was not barred by res judicata, we reverse the matter for further proceedings.

## State and Federal Court Proceedings

{¶ 2} This case has a long history in both state and federal courts and stems from the 1983 shooting death of a convenience store clerk during the commission of a robbery. Appellant, Gregory Esparza, was indicted for the crimes and, following a jury trial convicting him of aggravated murder and aggravated robbery, was sentenced to death. On direct appeal, we affirmed his conviction and sentence, *State v. Esparza*, 6th Dist. Lucas No. L-84-225, 1986 Ohio App. LEXIS 7956 (Aug. 22, 1986), as did the Supreme Court of Ohio in *State v. Esparza*, 39 Ohio St.3d 8, 529 N.E.2d 192 (1988). Upon reopening of appellant's appeal, we denied his claims of ineffective assistance of appellate counsel. *State v. Esparza*, 6th Dist. Lucas No. L-84-225, 1995 Ohio App. LEXIS 2058 (May 19, 1995).

{¶ 3} In 1989, appellant filed a petition for postconviction relief raising 50 causes of action. The trial court concluded, without conducting a hearing, that the claims were either barred by res judicata or rebutted by the record. On appeal, we affirmed the judgments. *State v. Esparza*, 6th Dist. Lucas No. L-90-235, 1992 Ohio App. LEXIS 2724 (May 29, 1992), *cert. denied*, *State v. Esparza*, 65 Ohio St.3d 1453, 602 N.E.2d 250 (1992). As noted by appellant, the dissent in this case observed:

A capital offense in Ohio must be charged by indictment. The indictment must include one of the specifications listed in R.C. 2929.04(A).

The majority recognizes, and I agree, that a valid indictment is a jurisdictional prerequisite and that lack of subject matter jurisdiction may be raised at any time. Furthermore, I agree with the conclusion that the trial court lacks jurisdiction to impose a sentence of death if the indictment does not include one of the required specifications. However, I disagree with the majority's opinion that the indictment in this case was sufficient to vest the trial court with authority to impose a sentence of death.

*Id.* at \*26.

{¶ 4} While the postconviction appeal was pending, appellant filed a public records request with the city of Toledo requesting various police reports relating to the investigation of other potential suspects as well as the reports documenting the "evolution" of the state's main witnesses' description of the suspect. After ultimately receiving the information on November 8, 1991, appellant filed a successive petition for postconviction relief raising numerous claims. Relevant to this appeal, appellant asserted the following:

Eleventh ground for relief: Petitioner Esparza's convictions and sentences are void or voidable because the State of Ohio failed to provide relevant discovery of potentially exculpatory evidence at the guilt phase of the trial.

3.

Twelfth ground for relief: Petitioner Esparza's convictions and sentences are void or voidable because the State of Ohio failed to disclose exculpatory information which undermined the credibility of several of its witnesses including key eyewitness, James Barailloux.

The state never responded to the petition and the court did not make any rulings relevant thereto.

{¶ 5} On September 5, 1996, appellant filed a federal habeas corpus petition challenging the sufficiency of his conviction and the constitutionality of the imposition of the death penalty. The court granted the petition, in part, ordering that appellant's death sentence be set aside due to the fact that the indictment failed to properly charge appellant as the principal offender. *Esparza v. Anderson*, N.D.Ohio No. 3:96-CV-7434, 2000 U.S. Dist. LEXIS 23764 (Oct. 13, 2000). The court denied the claims relating to the sufficiency of the underlying conviction. Relevant to this appeal, the court denied appellant's claim of prejudicial error based on his claims pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that the state failed to provide him with exculpatory evidence impeaching the testimony of the sole eyewitness and his sister-in-law who testified that he confessed to the murder, evidence allegedly implicating other suspects, and evidence that appellant was intoxicated at the time of the murder and suffered from mental illness. *Id.* at *60-61.

{¶ 6} On appeal, the Sixth Circuit affirmed the habeas award agreeing that the state's contravention of the statutory requirements in properly charging the aggravating,

4.

principal offender circumstance resulted in prejudicial error. *Esparza v. Mitchell*, 310 F.3d 414 (6th Cir.2002). The court highlighted its belief by noting that the state's theory at trial was that appellant acted alone. This theory was called into question by the discovery of evidence that there may have been an additional participant in the crimes. *Id.* at 422. However, the court distinguished the relevance of this fact when examining appellant's *Brady* violation claims. The court noted:

> After considering the evidence, we conclude that Esparza's trial was not fatally flawed at the guilt phase of the case, although obviously the suppressed evidence should have been produced. The suppressed evidence tended to show that (1) one witness's statement that the robber/shooter in the store resembled Esparza may have been wrong, and (2) that another individual may have been involved in the crime. Even after this, however, there remains other significant evidence against Esparza, in particular the testimony of two individuals to whom Esparza admitted shooting Melanie Gershultz. We note in particular that none of the suppressed evidence tends to show that Esparza was uninvolved in the robbery and shooting; it merely shows that he may not have been the principal offender and may not have acted alone. Thus, his request for a general writ based on a Brady error is denied.

*Id*. at 424.


5.

{¶ 7} The Supreme Court of the United States granted certiorari to consider whether the state's failure to charge appellant as a principal offender was clearly contrary to federal law. *Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003). Reversing the circuit court's issuance of the habeas corpus writ, the court concluded that this court, in conducting a harmless-error review, did not unreasonably apply federal law. *Id.* at 18. The court further noted that our conclusion was "hardly objectionably unreasonable" based on the jury instructions, the fact that appellant was the only individual charged in the indictment, and the fact that no evidence was presented that anyone else was involved in the crime. *Id.* Appellant's request for a rehearing was denied. *Mitchell v. Esparza*, 540 U.S. 1142, 124 S.Ct. 1124, 157 L.Ed.2d 956 (2004). The matter was remanded to the Sixth Circuit which, in turn, sent the matter to the district court where it was stayed while appellant pursued state claims pursuant to *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).[1] After several years, the *Atkins* claims were withdrawn and the matter was reinstated.

{¶ 8} Thereafter, the parties briefed what they felt were the issues remaining following the reversal. Relevant to this appeal, the district court concluded that appellant's *Brady* claims regarding the state's alleged failure to provide exculpatory evidence had actually been addressed and rejected by the district court's 2000 decision

---

[1] *Atkins* held that the execution of intellectually impaired individuals constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

6.

which found no constitutional violations. So finding, the district court extensively quoted the 2000 decision as follows:

> Esparza's third ground for relief is that the prosecutor failed to provide him with exculpatory evidence, in violation of his constitutional rights. Specifically, Esparza alleges that the prosecutor failed to provide evidence that: (1) would impeach the trial testimony of James Barailloux and Lisa Esparza; (2) implicates other suspects in the Island Carryout murder; (3) indicates Esparza was intoxicated during the time the murder was committed and that he suffered from a mental disorder.
>
> Although this claim was not raised on direct appeal, like Esparza's second claim for relief, it is not procedurally defaulted as it also is premised on information that was not made available to Esparza until after the conclusion of his direct appeals, pursuant to his [public records request] litigation based on *State ex rel. Clark v. City of Toledo*, 54 Ohio St. 3d 55, 560 N.E.2d 1313 (Ohio 1990). Accordingly, the Court will address this claim on the merits, without the benefit of a state court decision.
>
> To establish a claim under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), "the petitioner has the burden of establishing that the prosecutor suppressed evidence; that such evidence was favorable to the defense; and that the suppressed evidence was material." See *Carter v. Bell*, 218 F.3d 581, 2000 WL 895827 at * 19 (6th

7.

Cir. 2000) (citing *Moore v. Illinois*, 408 U.S. 786, 794-95, 92 S. Ct. 2562, 33 L. Ed. 2d 706 (1972)).  "The inquiry is objective, independent of the intent of the prosecutors."  *Id.* (citing *Brady*, 373 U.S. at 87).

"[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."  *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985). * * *

* * *

It is here that Esparza's first two sub-claims must fail.  Were the Court to extricate James Barailloux and Lisa Esparza's testimony from the totality of the evidence offered at trial, there nonetheless would be ample evidence to provide the Court with confidence in the trial's outcome.  Richardson's testimony, for example, provided the jury with Esparza's confession of the killing.  Furthermore, a jury reasonably could have found that, although other suspects were investigated for this homicide, Esparza was the actual assailant."

*Esparza v. Anderson*, N.D.Ohio No. 3:96 CV 7434, 2013 U.S. Dist. LEXIS 38802 at *62-64 (Feb. 27, 2013), quoting *Esparza v. Anderson*, N.D.Ohio No. 3:96-CV-7434, 2000 U.S. Dist. LEXIS 23764 at *60-63.

8.

## Current State Court Proceedings

{¶ 9} On March 11, 2016, appellant filed a motion in the trial court requesting that it rule on the eleventh and twelfth grounds for relief in his November 8, 1991 successive petition for postconviction relief. Appellant argued that no court had ever reviewed his *Brady* claims in relation to the principal offender, death specification.

{¶ 10} The state filed a motion to dismiss appellant's motion. The state first argued that the request was barred by res judicata based on the fact that the *Brady* claims were fully considered and rejected in the federal district court habeas corpus case. The state further contended that the claims were waived by appellant and counsel "abandoning" the claims for nearly 25 years.

{¶ 11} On June 12, 2017, the court granted the state's motion to dismiss based on the doctrine of res judicata. The court found that appellant's *Brady* claims were previously addressed and rejected in federal court. This appeal followed.

{¶ 12} Appellant now raises the following assignment of error for our review:

The trial court erred in its application of res judicata when it ruled the federal courts held the *Brady* claim to be meritless in the context of a *capital* aggravated murder case.

{¶ 13} In his sole assignment of error, appellant asserts that the trial court improperly applied the doctrine of res judicata to bar review of his *Brady* claims as applied in the capital murder case. Specifically, appellant contends that prior federal court review was limited only to the effect of the withheld evidence as applied to the

9.

aggravated murder case following the initial granting of appellant's habeas corpus petition.

{¶ 14} It is well-established that res judicata is a proper ground upon which to dismiss, without a hearing, a R.C. 2953.21 petition for postconviction relief. *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A basic tenet of the doctrine is that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. The preclusive effect of the doctrine applies in cases involving federal habeas corpus proceedings and subsequent state court petitions for postconviction relief. *See State v. Apanovitch*, 107 Ohio App.3d 82, 667 N.E.2d 1041 (8th Dist.1995).

{¶ 15} Dismissing appellant's motion as barred by res judicata, the trial court concluded that the federal court had already addressed and rejected appellant's *Brady* claims in the 2000, 2012, and 2013 district court decisions and the circuit court's 2002 decision.

{¶ 16} As set forth above, appellant was indicted on and convicted of aggravated murder, with a death specification, and aggravated robbery. The death specification did not provide necessary principal offender language. The 2000 district court decision granted habeas relief as to the constitutionality of appellant's death sentence. *Esparza v. Anderson*, N.D.Ohio No. 3:96-CV-7434, 2000 U.S. Dist. LEXIS 23764. Addressing the

10.

*Brady* claims, the court noted that a jury could have reasonably found, though other suspects were investigated, that appellant was the actual assailant. *Id.* at \*63.

{¶ 17} On appeal to the Sixth Circuit, reviewing the facts of the case the court noted:

> After Esparza's trial, his appeals and his state post-conviction proceedings, a substantial volume of exculpatory evidence was revealed that was not turned over by prosecutors at trial. This evidence tended to prove that Joe Jasso was a participant in the crime and that Esparza did not act alone.
>
> No information concerning Jasso was provided to the defense before trial. In information discovered as a result of a discovery request enforced by the district court below, Esparza learned that two individuals, Charles Hall and Stephen Billings, both separately reported to the Toledo Police Department that they had seen a Caucasian male and a Hispanic male in the Island Variety Carryout the night of the homicide. Hall and Billings both reported that the Caucasian man was driving a Monte Carlo. Hall reported that he saw the Monte Carlo circle the Island Variety Carryout twelve times. Information implicating Jasso was also discovered as a result of district court-ordered release of tips collected by Crimestoppers, a privately funded program that works in conjunction with local law enforcement to gather information regarding unsolved crimes. Two days after the

homicide, an unidentified caller stated that he had overheard Joe Jasso

talking about the murder.  The caller hung up before any additional

information was obtained.

*Esparza v. Mitchell*, 310 F.3d. at 418.

{¶ 18} Affirming the granting of the habeas writ, but again rejecting appellant's *Brady* claims, the circuit court stated:  "We note in particular that none of the suppressed evidence tends to show that Esparza was uninvolved in the robbery and shooting; it merely shows that he may not have been the principal offender and may not have acted alone."  *Id.* at 424.  This finding was made in light of the fact that the district court had already granted the writ as to the death sentence and, thus, any error in the suppressed evidence as to the identity of the principal offender would be harmless.

{¶ 19} On appeal to the Supreme Court of the United States, the court addressed only the habeas relief as to the principal offender death specification.  *Mitchell v. Esparza*, 540 U.S. 12.  The court stated the following in consecutive footnotes:

> The Court of Appeals noted evidence brought to light for the first
> time in the habeas proceeding in the District Court that suggested there
> might have been another participant in the crime, Joe Jasso.  The jury,
> however, was not presented with this evidence at trial, and thus it has no
> bearing on the correctness of the Ohio Court of Appeals' decision that the
> State need not charge a defendant as a principal offender if the failure to so
> charge is harmless error.

12.

> Our decision, *like the Court of Appeals'* is limited to the issue presented here. We express no view whether habeas relief would be available to respondent on other grounds. (Emphasis added.)

*Id*. at 18-19, fn. 3-4.

{¶ 20} Following the Supreme Court's decision, appellant's federal habeas petition was dismissed with the district court noting that it would not reconsider the *Brady* claims on remand because the Sixth Circuit expressly considered and rejected the claims in its 2002 decision. *Esparza v. Anderson*, N.D.Ohio No. 3:96 CV 7434, 2012 U.S. Dist. LEXIS 97051, at *33.

{¶ 21} Appellant's request for reconsideration was denied by the district court which first concluded that reconsideration was not proper because appellant failed to timely raise the issue in light of the capital (opposed to aggravated) murder charge. *Esparza v. Anderson*, N.D. Ohio 3:96 CV 7434, 2013 U.S. Dist. LEXIS 38802, at *57. The district court further noted that the issue was in fact addressed and rejected in the 2000 decision. *Id.* at *62-64. The court stressed that it was not apparent that the court in 2000 had addressed the *Brady* material in light of an aggravated murder charge as opposed to a capital murder charge. *Id.* at *64.

{¶ 22} Reviewing the case as it currently sits before us, we cannot say that the merits of appellant's *Brady* claims as they relate to the capital murder, death specification have been addressed by any court. Following the district court's 2000 decision, in 2002, the Sixth Circuit noted that "a substantial amount of exculpatory evidence" was produced

13.

following appellant's trial that "tended to prove" that appellant did not act alone and that the principal offender aggravator had been "called into question." Thus, the trial court's reliance on the 2013 district court decision quoting the prior 2000 district court decision in denying appellant's motion for reconsideration was in error. Appellant's assignment of error is well-taken.

{¶ 23} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed and the matter is remanded for further proceedings. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                      _____

                                                               JUDGE

Arlene Singer, J.                        

                                                               _____

Christine E. Mayle, P.J.                                   JUDGE
CONCUR.

                                                               _____

                                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.